## GANTZ v GANTZ

Ohio Appeals, 4th Dist, Pickaway Co
Decided Jan 24, 1931

Abernathy & Simpkins, Circleville, for plaintiff in error.

Irvin F. Snyder, Circleville, for defendant in error.

wholly fails to establish the claims of the plaintiff made in his petition that the property given and conveyed to the children aforesaid went to all or any one of them under any express or implied conditions other than those stated in the several deeds of conveyance. The plaintiff offered no evidence whatever in support of his claim except his own testimony, and that testimony refers only to various conversations with his father during the latter's lifetime wherein the father expressed an intention or purpose to give his estate in equal proportions to each child. In the cross examination of the plaintiff as appears from the record on pages 69 and 70 he was inquired of as follows:

"Q If, as contended and sworn to by you in your petition, that they were to equalize with you, tell the court when that equalization was to take place and at what time?'

A I don't know whether I am able to do it.

Q The fact is, your father never told you. You have already stated that to me. Your father never did tell you at any time that any of them were to equalize with you at all. Your father never told you that, did he?

A What did he mean when he said he wanted us to share and share alike?

Q That is all right, but he never told you they were to take out of their pockets and from their land to equalize with you. Did he ever tell you that?

A How could we share alike if he didn't?

Q Did he ever tell you that?

A Not in that many words."

Giving full effect to this testimony of the plaintiff it falls far short of establishing a trust in respect to any of the property theretofore given to his other children. The evidence discloses that at the most no child had received property of approximately more value than twelve thousand dollars, and it appears further that the plaintiff had received from his father during the latter's lifetime four thousand dollars in money and that he will hereafter receive under the last will and testament of his father approximately the further sum of five thousand dollars. Attention will later be given to the provisions of the will.

Considering all the evidence in the case there is no proof whatever that the testa-

MIDDLETON, PJ.

Waiving all questions in respect to the competency of this evidence and considering it as a whole, it may be said that it

tor did not at all times regard the conveyances to his children as unconditional and final, and if the record did disclose some evidence tending to show a different situation the will of the testator would destroy any operative effect of such evidence.

As before observed, the testator left a will which was duly probated and offered in evidence. It provides that his wife shall have all his money remaining in bank after the payment of debts and funeral expenses, to be hers absolutely. It then proceeds to give her the income from certain government bonds of the value of twelve thousand dollars and of certain shares of stock, and that said bonds and stock shall not be disposed of during the life of his wife, but if necessary to close his estate he provided that the plaintiff should hold the same as trustee. He further gave to his wife all household goods and suggested that when she had no further use for the same. that she divide said goods equally among all of his children. The significant provisions of his will as affecting the issues in this case then follow in item three thereof, which is as follows:

"Inasmuch as I feel that all of my children, excepting Merrick W. Gantz, have already received their just share and portion of my estate, I hereby give and devise unto my said son, Merrick W. Gantz, the said twelve thousand dollars worth of government bonds and the ten shares of Citizens Bank stock mentioned in item two above, to become his absolutely upon the death of my said, wife. I further hereby give and devise unto my said son, Merrick W. Gantz, any portion of my said bank account together with its accumulations not used by my said wife during her lifetime."

The law presumes that the testator by this will made such disposition of his estate as he desired to make with due consideration of the rights of all his children. The evidence discloses that at the death of the testator his estate had decreased in value and that the probable value of the residue which will go to the plaintiff at the death of his mother will not exceed five thousand dollars. There is not the slightest evidence, however, in the conditions of this will that the testator did not regard the transactions with his children, which he refers to therein, as not being complete and final. The first of these conveyances was made in 1913. Others followed in 1916. The values of the proportions so conveyed have also changed and the actual difference in value at the present time is problematical. Moreover, the evidence discloses that the values of the conveyances when made were not the same in all cases and that some of the children were favored with conveyances of more value than those received by others. But there is nothing to show that such conveyances were not the deliberate and final act of the testator in respect to each individual affected thereby. It may be said that item three of said will is in effect an approval and affirmance of the things which he had done for his other children. It would require some imagination to give an interpretation to the language the testator employed in item three any effect other than that which would indicate that he regarded his transactions with his children as final and conclusive.

We are therefore convinced that the estate of the decedent must be settled as provided in his will and that that instrument must determine and control the respective claims of all the chlidren to the bounty of their father.

The petition is dismissed.

Decree for defendants.

Mauck and Blosser, JJ, concur.